```
 1  CAMPEAU GOODSELL SMITH, L.C.
    WILLIAM J. HEALY, #146158
 2  440 N. 1st Street, Suite 100
    San Jose, California   95112
 3  Telephone:  (408) 295-9555
    Facsimile:   (408) 295-6606
 4
    ATTORNEYS FOR
 5  Sterling Savings Bank
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No.: 12-53651 ASW |
| GALANTE, DENISE and THOMAS F., | CHAPTER 13 |
| Debtors. | **MOTION FOR RELIEF FROM STAY AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| | Date: June 20, 2012 |
| | Time: 2:30 p.m. |
| | Location: |
| |   United States Bankruptcy Court |
| |   280 South 1st St. |
| |   San Jose, CA 95113 |
| | Judge: Honorable Arthur S. Weissbrodt |

COMES NOW, Sterling Savings Bank, as successor in interest by merger to Sonoma National Bank ("Sterling") and, moves this Court for an order granting relief from stay pursuant to 11 U.S.C. § 362(d)(1) and (2)(A) and (B), as follows:

**I. INTRODUCTION**.

Sterling is the holder of a Promissory Note payable by the Debtors Thomas F. Galante and Denise M. Galante (jointly "Debtors") and by Jack C. Galante, Donna J. Galante, and Galante General Engineering, Inc. ("Non-Debtor Borrowers") in the amount of $1,507,500 ("Promissory Note.") The Promissory Note is secured by a recorded Deed of Trust (and Assignment of Rents)

**MOTION FOR RELIEF FROM STAY AND MEMORANDUM OF POINTS AND AUTHORITIES**
Case: 12-53651    Doc# 10    Filed: 05/31/12    Entered: 05/31/12 13:19:02    Page 1 of 5

against the Debtors' real property located at 291 Barnard Avenue, San Jose, CA 95125, A.P.N. 455-23-087 ("Real Property"). Said Deed of Trust was recorded with the Santa Clara County Recorder's Office on November 21, 2007 (Document # 19659812). The Real Property is not a personal residence.

Debtors have not paid real property taxes for the Real Property to the Santa Clara County Tax Assessor since 2009 and the balance of real property taxes owed for the Real Property is $19,855.67 (as of May 31, 2012).

Debtors have failed to make payments on the Promissory Note since June 2011 (11 months pre-petition).

On December 21, 2011, Sterling recorded a Notice of Default and indicated an outstanding amount of $80,953.48 as of December 26, 2011, plus outstanding real estate property taxes. On March 26, 2012, Sterling recorded its Notice of Trustee's Sale, therein setting the Trustee's Sale for April 16, 2012.

The Debtors filed their initial Chapter 13 bankruptcy (USBC (CA ND) #12-52777) on April 13, 2012. Therefore, Sterling's Trustee sale was continued from April 16, 2012 to May 14, 2012. Debtors' initial bankruptcy was dismissed on May 1, 2012 for Debtors' failure to file schedules[1].

Debtors commenced this second bankruptcy on May 14, 2012, without the benefit of schedules.

As of May 14, 2012, approximately $1,493,623.39 was due and owing to Sterling under the Promissory Note and Deed of Trust, as follows:

| | |
|---|---|
| Principal Balance: | $ 1,404,940.64 |
| Interest: | $ 40,855.66 (per diem $163.5889786) |
| Late Charges: | $ 16,266.31 |
| Inspection/Appraisal Fees: | $ 22,862.00 |
| Trustee Fees/Costs: | $ 8,698.78 |
| **TOTAL AMOUNT DUE:** | $ **1,493,623.39** (as of May 14, 2012) |

---

[1] In addition, on April 13, 2012, Non-Debtors Donna Galante and Jack Galante also filed a Chapter 13 bankruptcy (USBC (ND CA) #12-52773) which was dismissed on May 1, 2012 for their failure to file schedules. All three bankruptcy were filed by the same law firm and attorney.

In April 2012, Sterling obtained an appraisal of the Real Property valuing it between $820,000 and $1,090,000.

Cause exist as Debtors have failed to pay real property taxes since 2009 and failure to make pre-petition payments since July 1, 2011, there is lack of adequate protection and a lack of equity, and Debtors cannot establish that the Real Property is necessary to effective reorganization.

**A. STERLING IS ENTITLED TO RELIEF FROM STAY.**

11 U.S.C. § 362(d) provides, in pertinent part, as follows:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

(1) for cause, including the lack of adequate protection of an interest of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if–

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization."

In this case, both elements of Section 362(d)(1) and (d)(2)(A) and (B) are met.

**1. Cause Exist For Debtors Failure to Pay Real Property Taxes and Pay Sterling and There Is A Lack of Adequate Protection For Sterling.**

Cause exist for Debtors' more than two (2) year failure to pay property taxes.

Cause also exists for Debtors' eleven (11) months of pre-petition failure to pay Sterling.

Cause also exist because there is a lack of adequate protection for Sterling.

Cause also exist for Debtor's proposed Chapter 13 Plan wherein Debtors propose to pay Sterling $$4,254.52 (slightly more than half the monthly payment of $8,221.03).

**2. The Debtors Have No Equity in the Real Property.**

Debtors' do not have any equity in the Real Property.

A debtor's equity in real property is the difference between the property value and the total amount of liens against the property. (*Stewart v. Gurley* 745 F.2d 1194, 1195-96 (9th Cir. 1984).)

In this case, Sterling's appraisal sets the value of the Real Property between $820,000 and

$1,090,000, both significantly below the $1,493,623.39 owed to Sterling as of May 14, 2012.

The additional $19,855.67 owed to the Santa Clara County Tax Assessor in real property taxes on the Real Property further compounds the lack of equity in the Real Property.

**3. The Property Is Not Necessary for Effective Reorganization**

The Real Property is also not necessary for an effective reorganization. While a relief from stay hearing should not be converted into a plan confirmation hearing, a hearing to determine the confirmability of a debtor's plan is not necessary for the court to address the "effective reorganization" component of 11 U.S.C. § 362(d)(2)(B). (*In re Sun Valley Newspapers, Inc.* 171 B.R. 71, 74 (9th Cir. BAP 1994).) The "effective reorganization" component in a motion for relief from stay requires a showing by the debtor that a proposed plan is not patently un-confirmable and has a realistic chance of being confirmed. (*Id.* at p. 75.) In the early stages of a bankruptcy case, the burden of proof on a debtor in this regard is to "offer sufficient evidence to indicate that a successful reorganization within a reasonable time is 'plausible.'" (*Ibid.*) If the evidence indicates that a successful reorganization within a reasonable time is impossible, the court must grant relief from stay. (*Ibid.*) It is not enough for the Debtor to simply argue that the automatic stay should continue because it needs the property in order to propose a reorganization. (*La Jolla Mortgage Fun v. Rancho El Cajon Assoc.*, 18 B.R. 283, 291 (Bankr. S.D. Cal. 1982); s*ee also, United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.* 484 U.S. 365, 375-76.) "If all the debtor can offer at this time is high hopes without any financial prospects on the horizon to warrant a conclusion that a reorganization in the near future is likely, it cannot be said that the property is necessary to an 'effective' reorganization." (*Ibid.*)

In this case, to date, the Debtors have proposed a plan (which duplicates that which was submitted in their initial bankruptcy) and simply proposes to pay Sterling slightly more than half of the regular monthly payment, yet is silent as to arrearage payments, real property tax arrearage payments, and current real property tax payments.

Sterling submits that evidence does not exist to suggest that Debtors can present a confirmable plan and do so in a reasonable time. Therefore, there is not evidence to support a finding that the Real Property is necessary for an effective reorganization. Accordingly, relief from stay to

pursue all rights under Sterling's Deed of Trust is warranted.

**III. CONCLUSION.**

Fr all of the foregoing reasons, Sterling moves this Court to issue an order granting relief from the automatic stay to enable it to assert its rights under its deed of trust secured by the Debtors' real property located at 291 Barnard Avenue, San Jose, CA 95125, A.P.N. 455-23-087 ("Real Property").

Dated: May 30, 2012

CAMPEAU GOODSELL SMITH
/s/ William J. Healy
William J. Healy