CAMPEAU GOODSELL SMITH, L.C.
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California   95112
Telephone:   (408) 295-9555
Facsimile:    (408) 295-6606

ATTORNEYS FOR
Sterling Savings Bank

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>GALANTE, DENISE and THOMAS F.,<br><br>              Debtors. | Case No.: 12-53651 ASW<br><br>CHAPTER 13<br><br>**STERLING SAVINGS BANK'S OPPOSITION TO DEBTORS' MOTION FOR ORDER (I) VACATING ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND (II) SETTING ASIDE FORECLOSURE SALE OF REAL PROPERTY**<br><br>Date: October 1, 2012<br>Time: 2:30 p.m.<br>Location:<br>  United States Bankruptcy Court<br>  280 South 1st St.<br>  San Jose, CA 95113<br>Judge: Honorable Arthur S. Weissbrodt |

COMES NOW, Sterling Savings Bank, as successor in interest by merger to Sonoma National Bank ("Sterling") and submits this opposition to Thomas and Denise Galante's ("Debtors") motion for order (I) vacating order granting relief from automatic stay and (II) setting aside foreclosure sale of real property ("Motion") as follows:

//

**STERLING SAVINGS BANK'S OPPOSITION TO DEBTORS' MOTION FOR ORDER (I) VACATING ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND (II) SETTING ASIDE FORECLOSURE SALE OF REAL PROPERTY**

Case: 12-53651   Doc# 74   Filed: 09/17/12   Entered: 09/17/12 13:58:38   Page 1 of 12

## I. Introduction and Summary.

Debtors' Motion is based on Federal Rules Civil Procedure Rule 60(b)(1) and 60(b)(5) (hereinafter "FRCP") based on the following grounds:

1. The Court erred in determining that the automatic stay terminated on June 13, 2012 pursuant to 11 U.S.C. 362 (c)(3)(A) (hereinafter "Bankruptcy Code" or "Section") and

2. The Court should vacate the July 25, 2012 Order because it would be inequitable to enforce the order because Sterling:

    a. Foreclosed on the property prior to entry of the written order in violation of Fed. Rule Bankr. Proc. §9021 ("Bankruptcy Rule" or "Rule"); and

    b. Violated Cal Civ. Code §2923.5.

Sterling asserts that Debtors' allegations are without merit. Further, the Debtors have misstated the law or improperly misquoted the law. Sterling submits that contrary to the Motion, Sterling would be unfairly prejudiced if the Court granted Debtor's any relief pursuant to the Motion.

## II. Statement of Facts[1].

### A. Sterling's Relationship With Debtors.

Sterling is the holder of a Promissory Note payable by the Debtors Thomas F. Galante and Denise M. Galante (jointly "Debtors") and by Jack C. Galante, Donna J. Galante, and Galante General Engineering, Inc. ("Non-Debtor Co-Borrowers") in the amount of $1,507,500 ("Promissory Note.") The Promissory Note is secured by a recorded Deed of Trust (and Assignment of Rents) against the Debtors' real property located at 291 Barnard Avenue, San Jose, CA 95125, A.P.N. 455-23-087 ("Real Property"). Said Deed of Trust was recorded with the Santa Clara County Recorder's Office on November 21, 2007 (Document # 19659812). The Real Property is not a personal residence (i.e. Debtors' Schedules A, C, and D, Docket#30, pages 1, 5, and 6 respectfully).

Debtors have not paid real property taxes for the Real Property to the Santa Clara County

---

[1] The majority of the facts set forth in the introduction are reflected in the Declaration of Patricia A. Kearns filed in support of Sterling's Motion For Relief From Stay (Docket#10) and attached to the Declaration of William J. Healy as Exhibit A and Sterling requests the court take judicial notice of these declarations and of its own docket and related court files (Fed.Rule.Evid. 201).

Tax Assessor since 2009 and the balance of real property taxes owed for the Real Property is $19,855.67 (as of May 31, 2012). Debtors have failed to make payments on the Promissory Note since June 2011 (11 months pre-petition)(as of May 14, 2012 ("Petition Date").

On December 21, 2011, Sterling recorded a Notice of Default and indicated an outstanding amount of $80,953.48 as of December 26, 2011, plus outstanding real estate property taxes. On March 26, 2012, Sterling recorded its Notice of Trustee's Sale, therein setting the Trustee's Sale for April 16, 2012. The Trustee's Sale was subsequently re-noticed and then held on July 20, 2012.

As of the Petition Date, approximately $1,493,623.39 was due and owing to Sterling under the Promissory Note and Deed of Trust, as follows:

| | |
|---|---|
| Principal Balance: | $ 1,404,940.64 |
| Interest: | $ 40,855.66 (per diem $163.5889786) |
| Late Charges: | $ 16,266.31 |
| Inspection/Appraisal Fees: | $ 22,862.00 |
| Trustee Fees/Costs: | $ 8,698.78 |
| TOTAL AMOUNT DUE: | $ 1,493,623.39 (as of May 14, 2012) |

**A.    Debtors' First Bankruptcy.**

The Debtors filed their initial Chapter 13 bankruptcy (USBC (CA ND) #12-52777) on April 13, 2012 ("First Bankruptcy"). Debtors' First Bankruptcy was dismissed on May 1, 2012 for Debtors' failure to comply with an order to file schedules and Debtors' failure to file schedules[2].

**B.    Debtors' Second Bankruptcy.**

Debtors commenced this second bankruptcy on May 14, 2012 ("Second Bankruptcy"), without the benefit of schedules. Pursuant to Section 362 (c)(3)(A) the stay shall terminate with respect to the debtor on the 30th day after the filing of the later case–June 13, 2012.

**C.    Debtors' Motion to Extend Automatic Stay.**

---

[2] In addition, on April 13, 2012, Non-Debtors Donna Galante and Jack Galante also filed a Chapter 13 bankruptcy (USBC (ND CA) #12-52773) which was dismissed on May 1, 2012 for their failure to file schedules. All three bankruptcy were filed by the same law firm and attorney.

On June 5, 2012, Debtors filed a Motion to Continue the Automatic Stay As To All Creditors (Docket#17) and noted that Debtors "move the Court for an Order continuing the automatic stay with respect to all of Debtors' creditors pursuant to Section 362(c)(3)(B) of the Bankruptcy Code. (Motion to Continue Stay, Docket#17, page 1, lines 22-23). Said motion was accompanied by a Notice of Opportunity to Object and for Hearing (Docket#18) which made specific reference to Local Rule 9014-1 of the United States Bankruptcy Court Northern District of California Local Rules ("Local Rules").

On June 15, 2012[3], Sterling filed a Request for Hearing and Opposition to Debtors' Motion to Continue Stay (Docket#25) and, inter alia, specifically noted that Debtors' motion must be denied because it cannot be heard within the required 30 days following the petition and therefore the stay automatically terminated on June 13, 2012" (Docket#25, page 3, line 21-page 4, line 26)[4].

The Court's docket does not appear to reflect a hearing on this motion, or any hearing on said motion, and certainly no order granting the motion.

**D.    The July 18, 2012 Hearing On Sterling's Re-Notice of Hearing On Motion for Relief from Automatic Stay.**

On July 18, 2012, the Court held a hearing on Sterling's Re-Notice of Hearing On Motion For Relief From Automatic Stay which asserted, inter alia, that pursuant to 11 U.S.C. § 362(d)(1) and (2)(A) and (B), there is cause for granting relief from stay, including but not limited to the failure to pay real property taxes since 2009 and failure to make pre-petition payments since July 1, 2011, if Debtors use Sterling cash collateral relative to rents on the Real Property, and Debtor's proposed Chapter 13 Plan wherein Debtors propose to pay Sterling $4,254.52 (slightly more than half the monthly payment of $8,221.03), the lack of adequate protection, the lack of equity in the above described real property, Debtors cannot establish that the real property is necessary to effective reorganization, and pursuant to Bankruptcy Code §363 (c)(3)(A) the automatic stay terminated

---

[3]Significantly in advance of the time allowed under Local Rule 9014-1.

[4]Sterling made similar representations in other filings (i.e. Docket#36-1/dated 7/3/12).
**STERLING SAVINGS BANK'S OPPOSITION TO DEBTORS' MOTION FOR ORDER (I) VACATING ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND (II) SETTING ASIDE FORECLOSURE SALE OF REAL PROPERTY**
4

Case: 12-53651    Doc# 74    Filed: 09/17/12    Entered: 09/17/12 13:58:38    Page 4 of 12

effective June 13, 2012.

At the hearing the Court corrected summarized the factual history relative to Debtor's First Bankruptcy, Second Bankruptcy, the absence of any order extending the stay pursuant to Section 362 (c)(3)(A), and the statutory termination of the stay effective June 13, 2012. The Court did not rule on Sterling's re-noticed motion for relief from stay.

On July 25, 2012, the Court entered an Order on Motion for Relief From Stay wherein it noted:

> "It is hereby ORDERED, ADJUDGED, AND DECREED as follows: 1. Pursuant to Bankruptcy Code Section 363 © (3) (B) the automatic stay terminated June 13, 2012."

**E. Debtors Did Not Take Any Action Relative To the July 25, 2012 Order Prior to Filing the Motion.**

At no time prior to the filing of the Motion (August 14, 2012-20 days after the order was entered) did the Debtors take any action relative to the July 25, 2012 order. Specifically, Debtors did not seek to shorten time on a Motion to Extend Stay or seek to expedite a hearing on a Motion to Extend Stay[5], did not file an adversary proceeding and/or seek injunction relief pursuant to Bankruptcy Code 105, did not seek reconsideration pursuant to Bankruptcy Rule 9023, or file a notice of appeal pursuant to Bankruptcy Rule 8002 and an order staying the order.

**III. Debtors' Motion Must Be Denied As an Improper and Untimely Motion for Reconsideration and Purported Appeal.**

Pursuant to Bankruptcy Rule 9023, which incorporates FRCP 59, a motion for reconsideration must be filed no later than ten (10) days after the entry of the judgment. Pursuant to Bankruptcy Rule 9023, Debtors had ten (10) days from July 25, 2012, to file a motion for reconsideration of the order. Debtors elected not to file such a motion and therefore the Court does not have jurisdiction to reconsider the order.

Pursuant to Bankruptcy Rule 8002, Debtors had fourteen (14) days from the July 25, 2012

---

[5]Although such would have been moot pursuant to Section 362 (c)(3)(B).

Order On Motion For Relief From Stay to file a notice of appeal, or by August 8, 2012. Debtors elected to not timely or properly file a notice of appeal and therefore the Court does not have jurisdiction to consider what is tantamount to an appeal of the order.

## IV. The Court Correctly Stated Bankruptcy Law Relative To Section 362 (c)(3)(A).

### A. Debtor's Motion Does Not Properly State the Law With Respect to Section 362 (c)(3)(A).

The Court correctly stated the law that the automatic stay terminated on June 13, 2012 as an operation of law pursuant to Section 362 (c)(3)(A). Debtors' Motion contends that Court misstated the application and scope of Section 362 (c)(3)(A) relative to the Debtors' bankruptcy estate. In support of Debtors' argument they cite to two cases: (1) In re Perez, 2011 WL 6934471 *3 (Bankr. App. 9th Cir. 2011) (hereinafter "Perez") and (2) In re Engles, 193 B.R. 23, 26 (Bankr. S.D. Cal. 1996) (hereinafter "Engles").

However, Perez and Engles do not support Debtors' argument. In Perez, the court granted relief from stay in a Chapter 7, the debtor appealed without requesting a stay pending appeal and upon appeal the court determined the matter was moot. Otherwise, Perez simply references language of Section 362. In Engles, the court, as quoted by Debtors' Motion, stated that in certain situations the debtor retains a "shadow of title" with which the debtor's creditors cannot interfere. However, Debtor's Motion misses the mark relative to Engles. In Engles, debtors' property had been sold prior to the bankruptcy filing, the deed was never recorded, therefore the property remained titled in the debtors' name, and because there was a "shadow of title" it was appropriate for the new owner to seek relief from stay before recording the deed.

### B. California Bankruptcy Courts Have Addressed the Scope of the Termination of the Stay Pursuant to Section 362 (C)(3)(A) and Such Is Consistent with the Court's Statement.

California bankruptcy courts have dealt with the issue of the scope of the application of Section 362 (c)(3)(A)'s automatic termination of the stay. In In re Reswick, 446 BR 362 (Bankr. App. 9th Cir. 2011)(hereinafter "Reswick") the United States Bankruptcy Appellate Panel of the Ninth Circuit affirmed the underlying bankruptcy court's (San Francisco Division) ruling that pursuant to Section

362 (c)(3)(A) the automatic stay terminated in its entirety (debtor and property of the estate) on the 30th day after the petition date if the debtor had not secured an order extending the stay pursuant to Section 362 (c)(3)(B). Reswick conducted a substantial analysis of Section 362 (c)(3)(A), and related sections, and of the majority and minority positions relative to this section taken by other courts. In adopting the 'minority' position, the court noted that the purpose of Section 362(c)(3)(A) is to discourage multiple filings. Therefore, the interpretation of the language "with respect to the debtor" should not undermine the purpose of the provision, but rather be consistent with Congressional intent.

Sterling recognizes that other bankruptcy courts have issued an opposite opinion. For example, in In re Rinard, 451 B.R. 12 ((U.S.B.C. (CD CA Riverside Division)(2011)), a Central District bankruptcy court adopted the 'majority' position that "with respect to the debtor" did not include property of the estate. However, subsequently other bankruptcy courts in the Central District have adopted the 'minority' view as set forth in Reswick (i.e. In re Hernandez, 2012 Bankr. LEXIS 1914 (Bankr. C.D. Cal. Jan. 31, 2012)).

Notwithstanding Debtor's Motion's failure to reference Reswick or Rinard, or several similar opinions throughout the United States, Sterling submits that the Court's statement with respect to Section 362(c)(3)(A) was and is correct and consistent with the opinion set forth in Reswick (and the underlying bankruptcy court opinion it adopted).

**V.    Debtors' Motion Fails to Establish the Extraordinary Circumstances Necessary for the Court to Grant Relief by Motion Pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(5).**

Debtors' have failed to establish the extraordinary circumstances necessary for the court to grant relief under Federal Rules of Civil Procedure 60(b) ("FRCP").

FRCP 60(b)(1) and 60(b)(5) state, in pertinent part:

> "(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect… (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."

The purpose of such relief under Rule 60(b) is to allow the court to strike a proper balance between two often conflicting principals- that litigation must be brought to a final close and that justice must be done. See Gonzalez v Grosby, 545 U.S. 524,529-533 (2005), (noting that Rule 60(b)'s whole purpose is to make an exception to finality.) Relief should be granted only when the moving party establishes the existence of extraordinary circumstances. Martinelli v. Valley Bank of Nevada (In re Martinelli), 96 B.R. 1011, 1013 (9th Cir. BAP 1988) (emphasis added) see also, Phuong Thi Nguyen v. Chang (In re Phuong Thi Nguyen), 2010 Bankr. LEXIS 5103 (B.A.P. 9th Cir. Apr. 12, 2010). Moreover, an appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment. Martinelli at 1013.

Rule 60(b) motions may not be used as a substitute for a timely appeal where the motions for reconsideration merely revisit the same issues already ruled upon by the trial court, or which advance supporting facts that were otherwise available when the issues were originally briefed. Alexander v. Bleau (In re Negrete), 183 B.R. 195, 197 (B.A.P. 9th Cir. Cal. 1995) see also R.E. Serv. Co. v. Johnson & Johnston Assocs., 1995 U.S. Dist. LEXIS 22349 (N.D. Cal. Sept. 6, 1995) citing Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Starr v. JCI Data Processing, Inc., 767 F. Supp. 633, 635 (D.N.J. 1991).

**A. The Court's Statement of the Law Relative to the Automatic Termination of The Stay Pursuant to Section 362 (c)(3)(A) Was Correct.**

Debtors' Motion purports to base its FRCP request for relief on the position that the Court

erred with respect to the application and scope of the automatic termination of the bankruptcy stay set forth in Section 362 (c)(3)(A).

Sterling submits that as discussed hereinabove, the Court correctly stated the law relative to Section 362 (c)(3)(A) such that Debtors' Motion does not warrant any relief pursuant to FRCP 60.

**B. Sterling Did Not Violate Bankruptcy Local Rule 9021 and Therefore Debtors Are Not Entitled to Equitable Relief under Fed. R. Civ. P. 60(b)(5).**

Debtors' Motion also argues that Sterling violated Federal Rule Bankr Proc. §9021 ("Rule §9021") and it would be inequitable for Sterling to benefit from the alleged violation.

However, Sterling did not violate Rule §9021 and even if it did violate Rule §9021 such violation is a technical violation and one not applicable to the underlying situation. First, Rule 9021, which is based on FRCP 58, provides that every judgment in an adversary proceeding or contested matter shall be set forth in a separate document and a judgment is effective when entered as provided in Rule 5003.

However, an order pursuant to Rule 9021 was not required as the automatic stay terminated not as a result of an adversary matter of contested matter, but simply as an operation of law. Second, the alleged violation of Rule 9021 was technical and not substantive. The stay had, as explained at the hearing, on June 13, 2012, such that a written order simply stated an operation of law. Third, equity weighs heavily against the Debtors based on their pre-petition (and post-petition) failure to pay real property taxes associated with the Real Property, their pre-petition and post-petition failure to pay Sterling, the Debtors' failure to timely assert and perfect any rights under Section 105, Section 362 (c)(3)(B), Bankruptcy Rule 9023, and Bankruptcy Rule 8002; to file a bankruptcy that falls within the jurisdictional limits for a Chapter 13; to file correct and amended schedules that accurately reflects Debtors' assets and liabilities; to address Sterling's position that there was cause for granting relief from stay, including but not limited to the failure to pay real

**STERLING SAVINGS BANK'S OPPOSITION TO DEBTORS' MOTION FOR ORDER (I) VACATING ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND (II) SETTING ASIDE FORECLOSURE SALE OF REAL PROPERTY**
9

Case: 12-53651    Doc# 74    Filed: 09/17/12    Entered: 09/17/12 13:58:38    Page 9 of 12

property taxes since 2009 and failure to make pre-petition payments since July 1, 2011, Debtors unauthorized use Sterling cash collateral relative to rents on the Real Property (pre and post-petition), and Debtor's proposed Chapter 13 Plan wherein Debtors propose to pay Sterling $4,254.52 (slightly more than half the monthly payment of $8,221.03), the lack of adequate protection, the lack of equity in the Real Property; and that Sterling has completed the trustee's sale, must proceed to evict the tenant (not described in Debtor's schedules), and somehow try to recover the lost rents not paid by the current tenant while it tries to market and sell the Real Property.

**C. Debtors' References to Cal.Civil.Code §2923.5 Are Completely Misplaced, Not Applicable to Debtors, Sterling, And Commercial Property and Not the Basis for Equitable Relief.**

**1). Cal.Civil.Code §2923.5 Does Not Apply to Debtors' Commercial Property.**

Debtors' Motion references Cal. Civ. Code §2923.5 ("Section 2923.5") as the basis for an argument that Sterling cannot foreclose on a mortgagor's property until 30 days after initially attempting to contact the mortgagor in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.

However, such rule only applies to owners occupied residential property. Section 2923.5 (I) states:

> "(I) This section shall apply only to mortgages or deeds of trust recorded from January 1, 2003, to December 31, 2007, inclusive, that are secured by owner-occupied residential real property containing no more than four dwelling units. For purposes of this subdivision, "owner-occupied" means that the residence is the principal residence of the borrower as indicated to the lender in loan documents."

Although Debtors Motion does not provide any related evidence, the Court's docket is full of evidence that the Real Property is not Debtors' residence and is commercial property. In this regard, although Debtors' Motion and schedules present little recognition of a business operation at the Real

Property, Debtors' Schedule A identifies the Real Property as "Business Property" and another property as their residence (similar references are included in Schedule C (Docket#30, page 5) and Schedule D (Docket#30, page 6)[6].

Therefore, although Debtors' Motion does not address Section 2923.5 (I), the argument regarding the application of Section 2923.5 is without merit.

### 2). Section 2923.5 Also Does Not Apply While a Bankruptcy Is Pending.

In addition, Section 2923.5 (h) specifically provides that subsections (a) and (g) do not apply if a bankruptcy has been filed and the bankruptcy court has not entered an order closing or dismissing the bankruptcy case or granting relief from stay of foreclosure.

Therefore, although Debtors' Motion does not address Section 2923.5 (h), the argument regarding the application of Section 2923.5 is without merit.

### 3). The Bankruptcy Court Does Not Have Jurisdiction Over Debtor's Claimed Remedy and Debtors' Claimed Remedy Does Not Exist.

#### a) Debtors' Motion Has Not Established That the Bankruptcy Court Has Jurisdiction Over A Claim Based on Section 2923.5.

Debtors' Motion asserts they have a claim for relief based on an alleged violation of Section 2923.5, but does not address whether the Bankruptcy Court has jurisdiction, and jurisdiction by way of a motion. Sterling submits that Debtors' Motion has the burden to establish the Bankruptcy Court has jurisdiction, and pursuant to a motion, to consider Debtors' claim for relief for an alleged violation of Section 2923.5. Sterling submits the Bankruptcy Court does not have jurisdiction, and jurisdiction by motion, to consider Debtors' claim for relief based on an alleged violation of Section 2923.5.

---

[6]The Court is requested to take judicial notice of Debtors' schedules and the court files (FRE 201)(Schedule A/Docket#30, page 1 and Schedule D/Docket#30, page 6)

**STERLING SAVINGS BANK'S OPPOSITION TO DEBTORS' MOTION FOR ORDER (I) VACATING ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND (II) SETTING ASIDE FORECLOSURE SALE OF REAL PROPERTY**

Case: 12-53651   Doc# 74   Filed: 09/17/12   Entered: 09/17/12 13:58:38   Page 11 of 12

        b). **California Law Requires Debtors to Pay the Debt As a Condition Of Pursuing an Action to Set Aside a Trustee's Sale.**

Pursuant to California law, in an action to set aside a trustee's sale based on alleged irregularities in the sale, a plaintiff must demonstrate that he has made a valid and viable tender offer of payment of the indebtedness. (Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp 1177, 1183-84 (N.D. Cal. 2009)--See also, Alcaraz v. Wachovia Mortgage FSB, 592 F. Supp. 2d 1296, 1304 (E.D. Cal. 2009), Arnolds Mgmt. Corp. V. Eischen, 158 Cal.App.3d 575, 580 (1984), and Abdallah v. United Savs. Bank, 43 Cal.Ap.4th 1101, 1109 (1996)).

Debtors have not made such a demonstration and based on Debtors' consistent failure to pay Sterling (pre and post-petition) and honor Sterling's cash collateral rights relative to rents on the Real Property, it is extremely unlikely Debtors could ever make such a demonstration.

**VI. Conclusion.**

For all of the foregoing reasons, Sterling submits that the Motion must be denied.

Dated: September 17, 2012                                      CAMPEAU GOODSELL SMITH
                                                                                              /s/ William J. Healy
                                                                                              William J. Healy

**STERLING SAVINGS BANK'S OPPOSITION TO DEBTORS' MOTION FOR ORDER (I) VACATING ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND (II) SETTING ASIDE FORECLOSURE SALE OF REAL PROPERTY**
12

Case: 12-53651   Doc# 74   Filed: 09/17/12   Entered: 09/17/12 13:58:38   Page 12 of 12