James Cai, SBN 200189
Ray D. Hacke SBN 276318
SCHEIN & CAI LLP
111 North Market St., Ste. 1020
San Jose, California 95113
Telephone: (408) 436-0789
Facsimile: (408) 436-0758

Attorney for Debtors Denise Galante and Thomas F. Galante

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>DENISE GALANTE and<br>THOMAS F. GALANTE,<br><br>                Debtors. | Case No.: 12-53651 (ASW)<br><br>CHAPTER 13<br><br>**RESPONSE TO STERLING SAVINGS BANK'S OPPOSITION TO DEBTORS' MOTION FOR ORDER: (I) VACATING ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND (II) SETTING ASIDE FORECLOSURE SALE OF REAL PROPERTY**<br><br>Date:   October 1, 2012<br>Time:  2:30 p.m.<br>Dept.:  U.S. Bankruptcy Court<br>          280 S. First St., Room 3035<br>          San Jose, CA 95113<br>Judge: Hon. Arthur S. Weissbrodt |

      Debtors Denise and Thomas F. Galante (hereinafter collectively "Debtors") hereby submit the herein response to the Opposition (hereinafter "Opp." when cited) filed by Creditor Sterling Savings Bank (hereinafter "Creditor") on September 17, 2012, in response to Debtors' Motion for Order: (I) Granting Relief from Automatic Stay and (II) Setting Aside Foreclosure Sale of Real Property (hereinafter "Debtors' Mot." when cited), filed on August 14, 2012.
RESPONSE TO STERLING SAVINGS BANK'S OPPOSITION TO DEBTORS' MOTION FOR ORDER: (I) VACATING ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND (II) SETTING ASIDE FORECLOSURE SALE OF REAL PROPERTY- 1

Case: 12-53651   Doc# 83   Filed: 09/24/12   Entered: 09/24/12 18:03:19   Page 1 of 9

### I. The Court Should Vacate its Order Granting Relief From the Automatic Stay Pursuant to Fed. R. Civ. P. 60(b)(1) Because The Stay in This Case Terminated With Respect to Debtors, Not Debtors' Estate.

The U.S. Bankruptcy Code (hereinafter "the Code") treats a debtor's property and the property of the debtor's estate as distinct. *In re Sedgwick*, 266 B.R. 185, 186 (Bankr. N.D. Cal. 2001) [quoting *In re Rice*, 1998 WL 939695 (Bankr. E.D. Va. 1996)]. When a debtor files a bankruptcy petition under Chapter 13, all of the debtor's property immediately becomes the property of the debtor's estate. *In re Chaussee*, 399 B.R. 225, 245 (Bankr. App. 9th Cir. 2008); see also 11 U.S.C. § 541(a)(1) ["The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of … *all legal or equitable interests of the debtor in property as of the commencement of the case*," except where the Code states otherwise (emphasis added)].

The distinction between the debtor and the debtor's estate becomes relevant with regard to the automatic stay imposed against the debtor's creditors under 11 U.S.C. § 362. Section 362(c)(3)(A) states that when a debtor has filed for bankruptcy for the second time in a year and the automatic stay imposed on creditors as a result of the filing has terminated after 30 days, "the stay … shall terminate *with respect to the debtor*" (emphasis added). Section 362(c)(3)(A) does not state that the stay terminates with respect to the debtor's estate. *In re Rinard*, 451 B.R. 12, 17 (Bankr. C.D. Cal. 2011) (hereinafter *Rinard*) ["(T)his discussion would most likely not be occurring if the Congress had simply added 'or the estate' to the sentence in § 362(c)(3)(A). But Congress didn't, and here we are"]. Because Congress did not include any reference to the debtor's estate when drafting § 362(c)(3)(A), most bankruptcy courts nationwide agree that "the automatic stay terminates only with respect to the debtor and the debtor's property, but *not with respect to the debtor's estate*." *Id.* (emphasis added) [citing *In re Holcomb*, 380 B.R. 813

RESPONSE TO STERLING SAVINGS BANK'S OPPOSITION TO DEBTORS' MOTION FOR ORDER: (I) VACATING ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND (II) SETTING ASIDE FORECLOSURE SALE OF REAL PROPERTY- 1

Case: 12-53651    Doc# 83    Filed: 09/24/12    Entered: 09/24/12 18:03:19    Page 2 of 9

(Bankr. App. 10th Cir. 2008) (hereinafter *Holcomb*); *In re Jumpp*, 356 B.R. 789 (Bankr. App. 1st Cir. 2006); *In re Pope*, 351 B.R. 14 (Bankr. D.R.I. 2006); *In re Murray*, 350 B.R. 408 (Bankr. S.D. Ohio 2006); *In re Brandon*, 349 B.R. M.D.N.C. 2006); *In re Gillcrese*, 346 B.R. 373 (Bankr. W.D. Pa. 2006); *In re Williams*, 346 B.R. 361 (Bankr. E.D. Pa. 2006); *In re Harris*, 342 B.R. 274 (Bankr. N.D. Ohio 2006); *In re Jones*, 339 B.R. 360 (Bankr. E.D.N.C. 2006) (hereinafter *Jones*); *In re Moon*, 339 B.R. 668 (N.D. Ohio 2006); and *In re Johnson*, 335 B.R. 805 (Bankr. W.D. Tenn. 2006)].

      A.    <u>The Court Should Interpret 11 U.S.C. § 362(c)(3)(A) According to its Plain Language Because the Plain Language is the Best Indicator of Congress' Legislative Purpose.</u>

" 'Statutory construction *must* begin with the language employed by Congress and the assumption that the ordinary meaning of that language *accurately expresses the legislative purpose*.' " *Rinard*, 451 B.R. at 19 (emphasis added) [quoting *Holcomb*, 380 B.R. at 816]. A court thus "need not read beyond the phrase 'with respect to debtor' to discern its meaning[.]" *Id.* at 17 [quoting *Jones*, 393 B.R. at 363 ("Section 362(c)(3)(A) provides that the stay terminates 'with respect to the debtor.' How could that be any clearer?")].

In this case, based on the statutory language of 11 U.S.C. § 362(c)(3)(A), the automatic stay imposed when Debtors filed the herein case on May 14, 2012 expired with regard to Debtors, but not their estate, on June 13, 2012. Even assuming that Debtors did not cite the best case law in support of their position [see Opp. at 6:13-21], Debtors' position that the stay did not terminate with respect to their estate is nonetheless correct. Creditor itself acknowledges that the majority of courts interpret the phrase "with respect to the debtor" according to its plain language. Opp. at 7:11-14. The reason that the majority of courts have adopted the plain-language interpretation of "with respect to the Debtor" is quite simple: "Nowhere in § 362 does

RESPONSE TO STERLING SAVINGS BANK'S OPPOSITION TO DEBTORS' MOTION FOR ORDER: (I) VACATING ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND (II) SETTING ASIDE FORECLOSURE SALE OF REAL PROPERTY- 1

Case: 12-53651    Doc# 83    Filed: 09/24/12    Entered: 09/24/12 18:03:19    Page 3 of 9

Congress use the phrase 'with respect to the debtor' as incorporating the debtor, the debtor's separate property, and property of the estate. In fact, '[s]ection 362(a) differentiates between acts against the debtor, against property of the debtor and against property of the estate.'" *Rinard*, 451 B.R. at 19 (emphasis added) [quoting *Jones*, 339 B.R. at 363)]. Because § 362(a) differentiates between the debtor and the debtor's estate, the Court should as well.

        B.     <u>The Court Should Interpret 11 U.S.C. § 362(c)(3)(A) According to Its Plain Language Because In re Reswick is Not Controlling in This Case.</u>

In opposing Debtors' motion to vacate the order granting Creditor relief from the automatic stay, Creditor relies heavily on *In re Reswick*, 446 B.R. 362 (Bankr. App. 9th Cir. 2011) (hereinafter *Reswick*). See Opp. at 6:25-7:22. The Court should note, first and foremost, that *Rinard*, cited above, was decided after *Reswick*. See *Rinard*, 451 B.R. at 17-20 (critiquing *Reswick*). The Court should also note that even though *Reswick* was decided by the Ninth Circuit's Bankruptcy Appellate Panel (hereinafter "BAP"), "BAP decisions have no authoritative or precedential effect." *Rinard*, 451 B.R. at 21. BAP decisions lack precedential weight because Congress, via the Bankruptcy Abuse Prevention and Consumer Protection Act (hereinafter "BAPCPA"), has allowed bankruptcy petitions to be appealed from district bankruptcy courts and BAPs directly to circuit courts of appeal instead of exclusively to BAPs:

> "If Congress believed that decisions of BAPs across the nation were authoritative and precedential (which would then grant BAPs more authoritative/precedential value than Article III district courts surely possess), there would have been no need to include BAPs with the power to certify direct appeals from bankruptcy courts to Circuit Courts of Appeals. The BAP could simply take the appeal, forget certification, and provide authoritative pronouncements."

*Id.* [citing 28 U.S.C. § 158(d)(2)].

Because BAP decisions are not controlling, *Reswick* should be treated as persuasive authority at best, and the court in *Rinard* found *Reswick* decidedly unpersuasive: "To achieve

RESPONSE TO STERLING SAVINGS BANK'S OPPOSITION TO DEBTORS' MOTION FOR ORDER: (I) VACATING ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND (II) SETTING ASIDE FORECLOSURE SALE OF REAL PROPERTY- 1

the results of the minority view and *Reswick,* Congress was only required to add three more words to the section – 'and the estate' – which Congress did not do. This Court will also not step into the shoes of Congress. The 'majority' views are the correct ones in this instance." *Rinard*, 451 B.R. at 20-21. The Court is thus free to adopt the reasoning of *Rinard* and ignore Creditor's assertion that the Court should adopt the reasoning of *Reswick*, especially since Creditor gives no persuasive reason for the Court to do so. See Opp. at 6:22-7:22.

      C.    <u>The Court Should Interpret 11 U.S.C. § 362(c)(3)(A) According to its Plain Language Because Doing So Ultimately Serves the Policy of Equity Underlying Bankruptcy Law.</u>

Debtors could not agree more with Creditor's assertion that "the interpretation of the language 'with respect to the debtor' [in 11 U.S.C. § 362(c)(3)(A)] should not undermine the purpose of the provision, but rather be consistent with Congressional intent." Opp. at 7:7-10. As the court in *Rinard* stated:

> "Reading [§ 362(c)(3)(A)] according to its plain meaning is … consistent with the policies underlying bankruptcy law. At the core of bankruptcy law is 'obtaining a *maximum and equitable distribution for creditors*.' … Th[e] minority approach circumvents this policy by allowing a single creditor … full access to a property that would otherwise be property of the estate. Such property may be necessary to implement a Debtor's Chapter 13 plan … Maintaining the stay with respect to such property is [thus] an important creditor protection."

*Rinard*, 451 B.R. at 19 (emphasis added) [quoting *Holcomb*, 380 B.R. at 816].

Since bankruptcy courts are courts of equity, bankruptcy courts should vacate orders that, if enforced, would lead to inequitable results. See Debtors' Mot. at 2:4-8 [quoting *In re Filtercorp., Inc.*, 163 F.3d 570, 583 (9th Cir. 1988) [quoting *In re Branding Iron Steak House*, 536 F.2d 299, 302 (9th Cir. 1976) and *In re Levander*, 180 F.3d 1114, 1118 (9th Cir. 1999) (quoting *Hadix v. Johnson*, 144 F.3d 925, 937 (6th Cir. 1998))]. Federal Rule of Civil Procedure 60(b)(1) (hereinafter Rule 60(b)(1)) permits courts to grant relief from their own errors of law

RESPONSE TO STERLING SAVINGS BANK'S OPPOSITION TO DEBTORS' MOTION FOR ORDER: (I) VACATING ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND (II) SETTING ASIDE FORECLOSURE SALE OF REAL PROPERTY- 1

Case: 12-53651    Doc# 83    Filed: 09/24/12    Entered: 09/24/12 18:03:19    Page 5 of 9

when those errors would produce inequitable results. Debtors' Mot. at 3:3-5 [citing *In re Fort Defiance Housing Corp.*, 2011 WL 1578504 *5 (D. Ariz. 2011) (hereinafter *Fort Defiance*)].

In this case, the Court erroneously asserted in its order granting Creditor relief from the automatic stay (hereinafter "the Order") that the stay terminated on June 13, 2012. See Or. Granting Mot. for Relief From Stay 1, 2:6-7 (July 25, 2012). Based on the plain language of 11 U.S.C. § 362(c)(3)(A), the stay terminated with respect to Debtors themselves, but not with respect to Debtors' estate, which includes the real property located at 291 Barnard Avenue, San Jose, CA 95125 (hereinafter "the Subject Property"). See *Rinard*, 451 B.R. at 19. The Court's error empowered Creditor to foreclose on the Subject Property on July 20, 2012, before the Order had even been entered. See Decl. of Debtors in Support of Mot. for Or. (I) Vacating Or. Granting Relief From Automatic Stay and (II) Setting Aside Foreclosure Sale of Real Property ¶ 7 (Aug. 14, 2012) (hereinafter Decl. Debtors). The Subject Property is necessary for Debtors, who are seeking to convert this case from Chapter 13 to Chapter 11, to effectively reorganize because they operate their business on the Subject Property. See Decl. William J. Healy Re: Re-Notice of Hearing on Mot. for Relief From Automatic Stay ¶ 6 (July 3, 2012).

Since it would be inequitable to allow Creditor's foreclosure of the Subject Property to stand based on the Court's error of law, the Court should grant Debtors' Motion pursuant to Rule 60(b)(1). Debtors' Mot. at 4:16-17.

## II. The Court Should Vacate its Order Granting Relief From the Automatic Stay Pursuant to Fed. R. Civ. P. 60(b)(1) and 60(b)(5) Because Extraordinary Circumstances Exist That Justify Relief.

Extraordinary circumstances exist to justify relief under the provisions of Fed. R. Civ. P. 60(b) (hereinafter Rule 60(b)) where a court has committed clear error or the decision was manifestly unjust. *In re Balletti*, 2007 WL 37943 *1 (E.D. Cal. 2007).

RESPONSE TO STERLING SAVINGS BANK'S OPPOSITION TO DEBTORS' MOTION FOR ORDER: (I) VACATING ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND (II) SETTING ASIDE FORECLOSURE SALE OF REAL PROPERTY- 1

Case: 12-53651    Doc# 83    Filed: 09/24/12    Entered: 09/24/12 18:03:19    Page 6 of 9

In this case, the Court has committed clear error in granting Creditor relief from the automatic stay because a stay was in fact in place with regard to Debtors' estate. See *Rinard*, 451 B.R. at 19. Rule 60(b)(1) exists specifically to allow courts to grant parties relief from their errors. *Fort Defiance*, 2011 WL 1578504 at *5. Moreover, the decision to grant the order was manifestly unjust because it empowered Creditor to foreclose on the Subject Property on July 20, 2012, before the Order was even entered. Decl. of Debtors in Support of Mot. to Vacate at ¶ 7. Federal Rule of Civil Procedure 60(b)(5) (hereinafter Rule 60(b)(5) permits courts to grant relief from orders that would not be equitable to apply prospectively, and it would be inequitable to apply the Order to allow Creditor's foreclosure of the Subject Property to stand when a stay was in fact in place. Debtors' Mot. at 4:13-17. The Court should thus grant Debtors' Motion to Vacate.

### III. The Court Should Vacate its Order Granting Relief From the Automatic Stay Pursuant to Fed. R. Civ. P. 60(b)(1) and 60(b)(5) Because Debtors Timely Filed Their Motion Pursuant to Fed. R. Civ. P. 60(c)(1).

Under Fed. R. Civ. P. 60(c)(1) (hereinafter Rule 60(c)(1)), "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Since Debtors brought their motion pursuant to Rule 60(b) and not Fed. R. Bankr. P. 9023 or Fed. R. Civ. P. 59, which Creditor cites to assert that Debtors' Motion was not timely filed [see Opp. at 6:19-7:3], Rule 60(c)(1) applies pursuant to Fed. R. Bankr. P. 9024. "The standard for determining the timeliness of a motion [pursuant to Rule 60(c)(1)] requires a case-by-case analysis." *In re Creative Capital Leasing*, 2011 WL 2648506 *3 (Bankr. S.D. Cal. 2011).

In this case, Debtors filed their Motion to Vacate on August 14, 2012, less than a month after the hearing on Creditor's Motion for Relief From Stay took place on July 18, 2012 and less

RESPONSE TO STERLING SAVINGS BANK'S OPPOSITION TO DEBTORS' MOTION FOR ORDER: (I) VACATING ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND (II) SETTING ASIDE FORECLOSURE SALE OF REAL PROPERTY- 1

than three weeks after the Order was entered on July 25, 2012. See Docket Report Nos. 47 and 51. The timing of Debtors' filing thus more than meets the one-year requirement for motions brought pursuant to Rule 60(b)(1) and, given that Debtors only learned about the foreclosure on August 6, 2012, eight days before filing their Motion to Vacate, should be considered reasonable. See Decl. Debtors at ¶ 8. The Court should thus grant Debtors' Motion because it was timely filed.

### IV. The Court Should Set Aside the Foreclosure of the Subject Property Because the Court Has the Authority to Require Creditor to Turn the Subject Property Over to Debtors.

"Proceedings involving the turnover of property of the bankruptcy estate are core proceedings that the court may hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(E)." *In re Hernandez*, 468 B.R. 396, 401 n. 4 (Bankr. S.D. 2012) (hereinafter *Hernandez*) [quoting *In re McCrory*, 2011 WL 4005455 *1 (Bankr. N.D. Ohio 2011)]. Bankruptcy courts thus have the authority to find that real property "was part of the debtor's estate and thus subject to turnover." *Id.* [quoting *In re Downey Regl. Med. Ctr.-Hosp., Inc.*, 441 B.R. 120, 127 (Bankr. App. 9th Cir. 2010) (hereinafter *Downey Regl.*)]. In the Ninth Circuit, bankruptcy courts can also compel the turnover of the property of a debtor's estate. *Id.* [quoting *In re Silva*, 185 F.3d 992, 994 (9th Cir. 1999) (hereinafter *Silva*)].

In this case, Debtors are seeking to overturn Creditor's foreclosure of the Subject Property. Debtors' Mot. at 1:23-2:2. Although Debtors' reliance on Cal. Civ. Code § 2923.5 was misplaced [see Opp. at 10:10-12:13], what Debtors are actually trying to accomplish is not. The Court obtained jurisdiction over this case when Debtors filed their Chapter 13 petition, and Creditor has submitted itself to the Court's jurisdiction all along. See 28 U.S.C. § 157(b)(1) ["Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings

RESPONSE TO STERLING SAVINGS BANK'S OPPOSITION TO DEBTORS' MOTION FOR ORDER: (I) VACATING ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND (II) SETTING ASIDE FORECLOSURE SALE OF REAL PROPERTY- 1

arising under title 11, or arising in a case under title 11 …"]. The Court has the authority to determine that the Subject Property is part of Debtor's estate, which it is. See *Hernandez*, 468 B.R. at 401 n. 4 [citing *Downey Regl.*, 441 B.R. at 127]. Even without getting its hands dirty with Cal. Civ. Code § 2923.5, the Court can compel Creditor to turn the Subject Property back over to Debtors. *Id.* [quoting *Silva*, 185 F.3d at 994]; see also 28 U.S.C. § 157(b)(2)(E). Since the Court has the authority to grant the relief that Debtors seek, and since it would be manifestly unjust not to grant relief given that Creditor foreclosed on the Subject Property when a stay was in fact in place, the Court should overturn the foreclosure.

## CONCLUSION

Based on the foregoing, Debtors respectfully request that the Court vacate its order granting Creditor's motion for relief from the automatic stay imposed under 11 U.S.C. § 362.

September 24, 2012

Respectfully submitted,

/s/ *RAY D. HACKE*

Ray D. Hacke
Attorney for Debtors
Denise and Thomas F. Galante

RESPONSE TO STERLING SAVINGS BANK'S OPPOSITION TO DEBTORS' MOTION FOR ORDER: (I) VACATING ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND (II) SETTING ASIDE FORECLOSURE SALE OF REAL PROPERTY - 1